# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7472 | **DATE** | 9/17/2001 |
| **CASE TITLE** | PAUL POMOZAL, et al vs. CITY OF HIGHLAND PARK, et al | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motions to dismiss is denied as to Counts I and II of Plaintiffs' amended complaint but granted as to the 65 ILCS 5/10-1-26 cause of action in Count III.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 1 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 SEP 17 PM 5: 16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PAUL POMOZAL, LAWRENCE WENG,
BROCK KANE, and MARTIN STUMPF,

        **Plaintiffs,**

        v.

CITY OF HIGHLAND PARK, DANIEL PIERCE
DAVID LIMARDI, DANIEL J. DAHLBERG,
PETER BARRON, DANIEL BRUSSLAN,
and HERBERT KAMIN,

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**No. 00 C 7472**

**Hon. Ronald A. Guzman**

DOCKETED

SEP 1 8 2001

## MEMORANDUM OPINION AND ORDER

Pending are Defendants' motions to dismiss plaintiffs' first amended complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below these motions are denied as to the Counts I and II but granted as to Count III.

## BACKGROUND FACTS

Plaintiffs' first amended complaint alleges the following facts, which the court has taken as true for the purposes of the motion to dismiss. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 1045 S. Ct. 2229, 2232-38, 81 L. Ed. 2d 59 (1984)(*citing Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957). Plaintiffs, Paul Pomozal ("Pomozal"), Lawrence Weng ("Weng"), Brock Kane ("Kane") and Martin Stumpf ("Stumpf") are current Highland Park police patrol officers. Defendant City of Highland Park is an Illinois municipal corporation, Defendant Daniel Pierce ("Pierce") is the Mayor of the City of Highland Park, Defendant David Limardi (Limardi) is the Highland Park City Manger, Daniel J. Dahlberg

57

("Dahlberg") is the current Chief of Police of Highland Park, Defendant Peter Barron (Barron) is the Secretary of the Highland Park Civil Service Commission and Defendants Daniel Brusslan, Robert Greenbaum and Herbert Kamin are members of the Highland Park Civil Service Commission.

Plaintiffs allege that they have been deprived of their constitutional right to free speech and free association guaranteed under the First Amendment and the equal protection clause under the Fourteenth Amendment by Defendants. In particular, Plaintiffs allege the following:

1) The Defendants have shown favoritism to patrol officers who are loyal to the Mayor, the City Manager, and the Chief of Police and his Command Staff, rather than loyal to their oaths to the community, by discriminating in promotions, job assignments, job training, and otherwise, against the Plaintiffs and other patrol officers who are loyal members of the patrol officers' union, and/or who complain the wrongdoing of the "City Business;"

2) Defendant Dahlberg has participated in cheating, and the other Defendants have allowed cheating on promotional examinations and /or failed to punish, or remedy the same after it was brought to their attention. The Highland Park Civil Service Commission, including each individual Civil Service Member and Secretary named as a Defendant herein, "fixes" the oral examination scores to placate Dahleberg's undue influence upon them, which is exercised by his attending the Commissions's deliberation. The net effect of this process is to nullify the written examination results;

3) Regardless of capability, none of the Plaintiffs has, or has ever had, a fair chance at promotion, because of the Defendants' agreement to keep from advancement all Patrol Officers including the Plaintiffs, who are of suspect personal loyalty and/or are union advocates, and/or want to speak out against Police Department wrongdoing. The Defendants also successfully conspired to take the Lieutenant's promotional process effectively out of the hands of the Civil Service Commission, by creating the non-civil service rank of "Commander," in place of the Lieutenants' rank;

4) The Defendants have attempted to "bust" the patrol officers' union, of which the Plaintiffs are members, by engaging in unfair labor practices; and

5) On or about October 24, 2000, Highland Park promulgated a Media Relations Policy ("the October Media Policy"). The October Media Policy provides that "No employee shall communicate with representatives of any News

Medium about City business except as authorized by the appropriate media relations officer."

On November 28, 2000, Plaintiffs filed their Initial Complaint, which sought a declaration of rights that the October Media Policy was an unconstitutional abridgement of their right of free speech, freedom of association, and right to seek redress from their government. On the same day, in response to the Plaintiffs' Complaint, the City rescinded the October Media Policy, and instituted a new Media Policy (the "November Media Policy"), that the Defendants assert addressed the Plaintiff's Constitutional concerns.

Despite the Defendants' avowals of reform as purportedly evidenced by the November Media Policy, they have continued their pattern of infringement upon the Plaintiffs' First Amendment rights. In February and March 2001, Officer Rodney Watt, who was nominated by Defendant Dahlberg as Lake County Officer of the year in 1997, was subjected to 15 retaliatory disciplinary hearings on account of a lawsuit Officer Watt filed against the City of Highland Park in 1998, and Officer Watt's subsequent public comments. The Defendants' conduct as described has a continuing chilling effect upon the Plaintiffs.

Count I alleges violations of the First Amendment rights to free speech, freedom of association, and redress of grievances against Defendants under 42 U.S.C. §1983, Count II alleges violations of the Fourteenth Amendment right to equal protection against Defendants under 42 U.S.C. §1983 and Count III sets forth a claim for violations under Illinois Municipal Code 65 ILCS 5/10-1-26 and 65 ILCS 5-10-2.1-15.


**DISCUSSION**

Dismissal on the pleading is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Kunik v. Racine*

*County, Wisconsin*, 946 F.2d 1574, 1579 (7th Cir. 1991) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). A dismissal for failure to state a claim is improper "unless it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 98 S.Ct. 2118, 56 L Ed. 2d 611 (1957). At this stage of the case, it is not a function of the court to determine whether the plaintiffs would prevail, but only that plaintiffs pleaded sufficient facts to proceed.

Regarding Counts I and II, Defendants' motion to dismiss raises arguments that this court should dismiss any and all allegations of conduct or incidents which did not occur within the relevant statute of limitations periods. Second, Defendants argue that Plaintiffs' §1983 claims do not state a cause of action.

## I. The Statute Of Limitation May Not Bar Plaintiffs' Claims If Plaintiffs Can Satisfy The Continuing Violation Doctrine

Plaintiffs' complaint alleges violations of the First Amendment and the Fourteenth Amendment under 42 U.S.C. §1983. Because §1983 does not provide a specific statute of limitations, the court looks to the applicable state statute. *Kielczynski v. Village of LaGrange*, 19 F.Supp.2d 877, 882 (1998). The alleged actions occurred in Illinois and the appropriate statute of limitations period for a §1983 claim is two years. 735 ILCS 5/13-202.

At issue is whether any and all allegations of conduct or incidents which occurred outside of the two year period should be dismissed. To decide this issue, it is necessary to determine whether the conduct or incidents that occurred outside of the 2- year period constitute a

"continuing violation." The continuing violation doctrine allows a plaintiff to obtain relief for a time-barred act by linking it with an act that is with an act that is within the limitations period. *Id.*, at 881.

The "[c]ontinuing violation" exception is applicable in cases "in which plaintiff charges that the employer has, for a period of time, followed a practice of discrimination, but has done so covertly, rather than by way of an open notorious policy. *Id.* Under this exception, the question is whether the defendant's acts were "related closely enough to constitute a continuing violation," or were "merely discrete, isolated and completed acts which must be regarded as individual violations." *Id.* The Seventh Circuit states that the test for making the determination would be that "only that it would have been unreasonable to require the plaintiff to sue separately on each one."

In a setting of alleged discrimination, ordinarily this will be because the plaintiff has no reason to believe he was a victim of discrimination until a series of adverse actions established a visible pattern of discriminatory treatment. *Id.* In *Kielczynski*, a female police officer brought a suit in late 1997, alleging discrimination going back to 1981, including discrimination related to a 1996 sergeant's examination. However, because the discrimination went on for so long, and it was unreasonable to require the plaintiff therein to bring suit each time she had been discriminated against as a female, the court found that her claims were not barred by the statute of limitations.

In the present case, the Complaint does not specify when Plaintiffs first knew of Defendants' alleged misconduct, or that they were injured in 1998. However, in paragraph 13 of the Complaint, Plaintiffs describe how the City utilizes many resources to violate their civil rights by taking a multitude of actions designed to keep them from commenting on matters of

public concern. Allegedly, Police Officers who blindly follow orders, whether legal or not, are promoted and those who refuse are not promoted, and do not received the same training or pay.

The Complaint further alleges that the City engages in "union-busting" activities and that the 2000 promotional examination that Officer Stumpf took was "fixed." Finally, the October, 2000, Media Relations Policy was instituted. As in *Kielczynski*, Plaintiffs are complaining about a long standing pattern of discrimination that is endemic to their entire employment environment. Because this is a motion to dismiss, we accept the above allegations as true. For the purpose of the motion to dismiss, Plaintiffs have sufficiently alleged on-going and continuous acts of discrimination and retaliation which are linked to at least one viable charge or act which occurred during the limitations period. Accordingly, Defendants' motions to dismiss Counts I and II on the grounds of the statute of limitations must be denied

## II. Plaintiffs Have Sufficiently Alleged Claims Under 42 U.S.C. §1983

In order to state a §1983 claim, plaintiffs must allege that they suffered a deprivation caused by a municipal policy or custom or by an isolated act committed by a municipal employee or official who have final policymaking authority under state or local law. *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2118, 2035-36, 56 L. Ed. 2d 611 (1978).

The court finds that the claims against the individual defendants in their official capacities should be treated as the claim against the City. A suit against a government official in his official capacity is equivalent to a suit against the government entity itself. See, *Will v. Michigan Dep't of Police*, 491 U.S. 58, 59, 109 S. Ct. 2304, 2305, 105, L. Ed. 2d 45 (1989).

Under 42 U.S.C. §1983, a municipality is liable only where the challenged actions were taken pursuant to an unconstitutional policy of the City itself. *Monell v. Department of Social Serv.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978). Plaintiffs may meet that burden by looking to "the official pronouncement of [the] municipal or legislative body, agency action in accordance with delegated authority, actions by individuals with final decision-making authority, inaction or custom." *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir.1993). The Seventh Circuit recently reaffirmed its understanding of *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993), holding that such "boilerplate" allegations are sufficient. *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir.2000)(quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).

In this case, Plaintiffs allege that they were ordered not to speak out by Defendants. Defendants persecuted those who spoke out, participated in cheating, failed to punish wrongdoers and engaged in improper promotional activity. These allegations are sufficient to satisfy *Monell*. Therefore, the court finds that the Plaintiffs have sufficiently alleged causes of action under §1983 (Count I and II) against Defendants.

### A. Plaintiffs have sufficiently alleged a cause of action for the violation of First Amendment

In general the state "may not deny a benefit to a person on a basis that infringes his constitutionally protected interest – especially, his interest in freedom of speech." *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S. Ct. 2694, 2698, 33 L. Ed. 570 (1972). If the government could deny a person benefits because of his constitutionally protected speech or associations, his exercise of those freedoms would be penalized and inhibited. *Id.* This would allow the

government to impermissibly "produce a result which [it] could not command directly." *Perry*, 408 U.S. at 597, quoting *Speiser v. Randall*, 357 U.S. 513, 526, 2L.Ed.2d 1460, 78 S.Ct. 1332 (1958).

To state a colorable action for a First Amendment freedom of speech violation, Plaintiffs must show that the City's conduct is likely to chill the exercise of constitutionally protected speech. See, *McGill v. Board of Educ. of Perkin Elementary Sch. Dist. No. 108*, 602 F2d 774, 780 (7th Cir.1979) (citing *Pickering v. Board of Educ. Twp. H.S. Dist. No. 205*, 391 U.S. 563, 574). Freedom of political expression is the backbone of the free speech clause. *Reed v. Village of Shorewood*, 704 F. 2d 943, 949 (7th Cir. 1983). The Constitution affords First Amendment protection to statements made by public officials on matters of public concern. *Pickering*, 391 U.S. at 574.

Plaintiffs allege that the October Media Policy was a direct order not to speak out on the issues of public concerns. (Complaint ¶16). In particular, plaintiffs allege that the those " who complain the wrongdoing of the 'City Business' " and "speak out against Police Department wrongdoing" were harassed and discriminated against by the city. In addition the Complaint alleges that the Plaintiffs were told that they were absolutely prohibited to "consent to be interviewed through, or appear as a guest in, any News Medium concerning City business except as authorized by the appropriate media relations officer." (Complaint ¶20). These are allegations sufficient to state a claim for both post and prior restraint of speech relating to matters of public concern. The precise nature of the speech cannot be ascertained from this language. But, at this stage, that is not necessary. It is sufficient that facts could be proven under the general labels of "city business", "police department wrongdoing", and "the wrongdoing of the city business" which would establish that the speech the plaintiffs seek to protect in this case is speech

regarding a matter of public concern. Plaintiffs also contend that Officer Watt's 15 disciplinary hearings caused chilling effect to them to infringe their First Amendment rights. The treatment of Officer Watt was to "send the message to the Plaintiffs herein not to speak their minds." (Complaint ¶27). Plaintiffs further allege that the City uses the promotional exams to discriminate against Plaintiffs who are union advocates on the 2000 exam and to discourage Plaintiffs from speaking out or freely associating with patrol officers in the union. Plaintiffs contend that the above actions violate their First Amendment right to free speech as well as their right to free association. Officers may not be retaliated against, harassed, or discriminated against for the exercise of their First Amendment rights. *Wallace vs. Benware*, 67 F.3d 655 (7th Cir. 1995). For purpose of this motion to dismiss, we find that the complaint sufficiently states a cause of action for deprivation of plaintiffs' First Amendment rights.

### B. Plaintiffs have sufficiently alleged cause of action for the violation of Equal Protection Clause

The Equal Protection Clause "protects against intentional invidious discrimination by the state against persons similarly situated." *Ciechon v. City of Chicago*, 686 F.2d 511 (7th Cir.1982). To establish a prima facie case of discrimination under the Equal Protection Clause, Plaintiffs must show that they: 1) are members of a protected class; 2) are otherwise similarly situated to members of the unprotected class; and 3) were treated differently from members of the unprotected class. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir.1993). They also must demonstrate that the City acted with discriminatory intent based on their membership in the class. *Id*, at 513, citing *Sims v. Mulcahy*, 902 F.2d 524, 528 (7th Cir.1990), cert. denied, 498 U.S. 897 (1990). Lastly, Plaintiffs must allege an injury, i.e., a denial of a

right, privilege, or immunity guaranteed by the Constitution. *Muckway*, 789 F.2d 517, 522 (1986).

According to the Seventh Circuit, a plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. "Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that the decision-maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group. An administrative decision which misinterprets or distorts a valid state law can result in a denial of equal protection if there is such a design or intent to discriminate. *Id*. at 520, quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir.1982).

The Complaint states a viable equal protection claim with respect to the City's Civil Service wrongdoing. Plaintiffs allege that they were similarly situated with other police officers who took the promotional exams. However, Plaintiffs were not promoted because they were "loyal members of the patrol officers' union who complain about the wrongdoing of the City." As the court in *Indiana* described, "the Equal Protection clause can be brought into play as a protection against allowing the government to single out a hapless individual, firm, or other entity for unfavorable treatment." *Indiana State Teachers Association v. Board of School Commissioners of the City of Indianapolis*, 101 F.3d 1179, 1182 (7th Cir.1996). Plaintiffs allege that the City delegated authority to its agents and employees to develop and administer promotional and personnel policies for the City including alleged civil service wrongdoing that caused discrimination against Plaintiffs who were loyal to the union but not to Defendants. Plaintiffs have stated a claim of discrimination based upon their union advocacy.

Plaintiffs also allege the necessary discriminatory intent and injury. Plaintiffs contend that the City acted with discriminatory intent, aiming to prevent Plaintiffs from exercising their right to free speech and right to free association guaranteed under the First Amendment. These allegations are sufficient to survive a motion to dismiss.

## III. Illinois Municipal Code Examination Cheating Violations

Count III claims violations of Illinois Municipal Code 65 ILCS 5/10-1-26 and 5/10-2.1-15. However, Plaintiffs have no standing under §5/10-1-26. Section 10-1-42 of the Illinois Municipal Code provides that "prosecutions for violations of this Division 1 may be instituted either by the Attorney General, the State's Attorney for the county in which the offense is alleged to have been committed, or by the commission, acting through special counsel". Plaintiffs' reliance on *Klumpp v. Rhoads,* 362 Ill. 412, 200 N.E. 153 (1936) is misguided. *Klumpp* does not support Plaintiffs' standing argument under this statute.

### CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss is denied as to Counts I and II of Plaintiffs' amended complaint but granted as to the 65 ILCS 5/10-1-26 cause of action in Count III (##23-1, 25-1, 26-1, 27-1).

**SO ORDERED** 9/17/01

ENTERED:

HON. RONALD A. GUZMAN
UNITED STATES JUDGE